MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ALASANA JALLOW, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| BIG EMPIRE INC. (D/B/A 99 CENTS AND UP), QAISAR RAZZAQ, MERY DOE, RAJA DOE, and RIKI DOE, | **29 U.S.C. § 216(b)** |
|  | **ECF Case** |
| *Defendants.* |  |

-------------------------------------------------------X

Plaintiff Alasana Jallow ("Plaintiff Jallow" or "Mr. Jallow"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Big Empire Inc. (d/b/a 99 Cents and Up), ("Defendant Corporation"), Qaisar Razzaq, Mery Doe, Raja Doe, and Riki Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.     Plaintiff Jallow is a former employee of Defendants Big Empire Inc. (d/b/a 99 Cents and Up), Qaisar Razzaq, Mery Doe, Raja Doe, and Riki Doe.

2.      Defendants own, operate, or control a discount store, located at 921 Columbus Ave, New York, New York 10025 ("921 Columbus Ave Location"), 521 125th St, New York, New York 10027 ("125th Street Location"), 547 W 145th St, New York, NY 10031 ("145th Street Location"),

and 115 Nagle Ave New York, NY 10040 ("115 Nagle Ave Location"), under the name "99 Cents and Up".

3.       Upon information and belief, individual Defendants Qaisar Razzaq, Mery Doe, Raja Doe, and Riki Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the discount store as a joint or unified enterprise.

4.       Plaintiff Jallow was employed as a general assistant and a security guard at the discount store located at the 921 Columbus Avenue Location, the 125th Street Location, the 145th Street Location, and the 115 Nagle Ave Location.

5.       At all times relevant to this Complaint, Plaintiff Jallow worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.       Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Jallow appropriately for any hours worked at either the straight rate of pay or for any additional overtime premium.

7.       Defendants' conduct extended beyond Plaintiff Jallow to all other similarly situated employees.

8.       At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Jallow and other employees to work in excess of forty (40) hours per week, without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.       Plaintiff Jallow now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards

Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.     Plaintiff Jallow seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Jallow's state law claims under 28 U.S.C. § 1367(a).

12.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a discount store located in this district. Further, Plaintiff Jallow was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

13.     Plaintiff Alasana Jallow ("Plaintiff Jallow" or "Mr. Jallow") is an adult individual residing in Bronx County, New York.

14.     Plaintiff Jallow was employed by Defendants at 99 Cents and Up from approximately August 2013 until on or about June 5, 2020.

15.     Plaintiff Jallow consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendants owned, operated, or controlled a discount store, located at 921 Columbus Avenue, New York, New York 10025 ("921 Columbus Ave Location"), 521 125th St, New York, New York 10027 ("125th Street Location"), 547 W 145th St, New York, NY 10031 ("145th Street Location"), and 115 Nagle Ave New York, NY 10040 ("115 Nagle Ave Location"), under the name "99 Cents and Up".

17.     Upon information and belief, Big Empire Inc. (d/b/a 99 Cents and Up.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 921 Columbus Avenue, New York, New York 10025.

18.     Defendant Qaisar Razzaq is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Qaisar Razzaq is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Qaisar Razzaq possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Jallow, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19.     Defendant Mery Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mery Doe is sued individually in her

capacity as a manager of Defendant Corporation. Defendant Mery Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Jallow, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Raja Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Raja Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Raja Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Jallow, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Riki Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Riki Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Riki Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Jallow, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

22.     Defendants operate a discount store located in multiple neighborhoods in Manhattan.

23.     Individual Defendants, Qaisar Razzaq, Mery Doe, Raja Doe, and Riki Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiff Jallow's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Jallow, and all similarly situated individuals, referred to herein.

26.     Defendants jointly employed Plaintiff Jallow (and all similarly situated employees) and are Plaintiff Jallow's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiff Jallow and/or similarly situated individuals.

28.     Upon information and belief, Individual Defendant Qaisar Razzaq operates Defendant Corporation as either an alter ego of  himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for his own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of his own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

29.     At all relevant times, Defendants were Plaintiff Jallow's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Jallow, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Jallow's services.

30.     In each year from 2014 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the discount store on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32.     Plaintiff Jallow is a former employee of Defendants who was employed as a general assistant and a security guard.

33.     Plaintiff Jallow seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Alasana Jallow*

34.     Plaintiff Jallow was employed by Defendants from approximately August 2013 until on or about June 5, 2020.

35.     Defendants employed Plaintiff Jallow as a general assistant and a security guard.

36.     Plaintiff Jallow regularly handled goods in interstate commerce, such as discounted goods and other supplies produced outside the State of New York.

37.     Plaintiff Jallow's work duties required neither discretion nor independent judgment.

38.     Throughout his employment with Defendants, Plaintiff Jallow regularly worked in excess of 40 hours per week.

39.     From approximately July 2014 until on or about June 5, 2020, Plaintiff Jallow worked as a general assistant and a security guard at the 921 Columbus Ave Location from approximately 9:00 a.m. until on or about 9:00 p.m., 6 days a week (typically 72 hours per week).

40.     However, for a period of 8 weeks each year, from approximately July 2014 until on or about June 5, 2020, Plaintiff Jallow worked from approximately 9:00 a.m. until on or about 9:00 p.m., seven days a week (typically 84 hours per week).

41.     In addition, from approximately July 2014 until on or about June 5, 2020, Plaintiff Jallow worked at the 125th Street Location, the 145th Street Location, and the 115 Nagle Ave Location, approximately 9 times total throughout his employment, from approximately 9:00 a.m. until on or about 9:00 p.m.

42.     Throughout his employment, Defendants paid Plaintiff Jallow his wages in cash.

43.     From approximately July 2014 until on or about December 2017, Defendants paid Plaintiff Jallow a fixed salary of $402 per week; furthermore, defendants paid Plaintiff Jallow a fixed salary of $469 per week in the weeks in which they required him to work seven days.

44.     From approximately January 1, 2018 until on or about March 20, 2020, Defendants paid Plaintiff Jallow a fixed salary of $500 per week; furthermore, defendants paid Plaintiff Jallow a fixed salary of $583 per week in the weeks in which they required him to work seven days.

45.     From approximately March 21, 2020 until June 5, 2020, Defendants paid Plaintiff Jallow a fixed salary of $600 per week.

46.     Plaintiff Jallow was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

47.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Jallow regarding overtime and wages under the FLSA and NYLL.

48.     Defendants did not provide Plaintiff Jallow an accurate statement of wages, as required by NYLL 195(3).

49.     Defendants did not give any notice to Plaintiff Jallow, in English and in Spanish (Plaintiff Jallow's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

50.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Jallow (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

51.     Plaintiff Jallow was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

52.     Defendants' pay practices resulted in Plaintiff Jallow not receiving payment for all his hours worked, and resulted in Plaintiff Jallow's effective rate of pay falling below the required minimum wage rate.

53.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

54.     Defendants paid Plaintiff Jallow his wages in cash.

55.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

56.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Jallow (and similarly situated individuals) worked, and to avoid paying Plaintiff Jallow properly for his full hours worked.

57.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

58.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Jallow and other similarly situated former workers.

59.     Defendants failed to provide Plaintiff  Jallow and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

60.     Defendants failed to provide Plaintiff Jallow and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

61.      Plaintiff Jallow brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

62.     At all relevant times, Plaintiff Jallow and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans, including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

63.     The claims of Plaintiff Jallow stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

64.     Plaintiff Jallow repeats and realleges all paragraphs above as though fully set forth herein.

65.     At all times relevant to this action, Defendants were Plaintiff Jallow's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Jallow (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

66.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

67.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

68.     Defendants failed to pay Plaintiff Jallow (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

69.     Defendants' failure to pay Plaintiff Jallow (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

70.     Plaintiff Jallow (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

71.     Plaintiff Jallow repeats and realleges all paragraphs above as though fully set forth herein.

72.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Jallow (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

73.     Defendants' failure to pay Plaintiff Jallow (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

74.     Plaintiff Jallow (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

75.      Plaintiff Jallow repeats and realleges all paragraphs above as though fully set forth herein.

76.     At all times relevant to this action, Defendants were Plaintiff Jallow's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Jallow, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

77.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Jallow less than the minimum wage.

78.     Defendants' failure to pay Plaintiff Jallow the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

79.     Plaintiff Jallow was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

80.      Plaintiff Jallow repeats and realleges all paragraphs above as though fully set forth herein.

81.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Jallow overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

82.     Defendants' failure to pay Plaintiff Jallow overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

83.     Plaintiff Jallow was damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

84.      Plaintiff Jallow repeats and realleges all paragraphs above as though fully set forth herein.

85.     Defendants failed to provide Plaintiff Jallow with a written notice, in English and in Spanish (Plaintiff Jallow's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by

the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

86.     Defendants are liable to Plaintiff Jallow in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

87.     Plaintiff Jallow repeats and realleges all paragraphs above as though fully set forth herein.

88.     With each payment of wages, Defendants failed to provide Plaintiff Jallow with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

89.     Defendants are liable to Plaintiff Jallow in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jallow respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Jallow and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Jallow and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Jallow's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Jallow and the FLSA Class members;

(f)     Awarding Plaintiff Jallow and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)     Awarding Plaintiff Jallow and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Jallow;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Jallow;

(j)     Declaring that Defendants violated the notice requirements of the NYLL with respect to Plaintiff Jallow's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Jallow;

(l)     Awarding Plaintiff Jallow damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable;

(m)     Awarding Plaintiff Jallow damages for Defendants' violation of the NYLL notice provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Jallow liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Jallow and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Jallow and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)      All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Jallow demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

July 2, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

Telephone (212) 317-1706
Facsimile (212) 317-1620

60 E 42ᴺᴰ Street, Suite 4510
New York, New York 10165
Faillace@employmentcompliance.com

June 19, 2020

BY ELECTRONIC SIGNATURE

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Alasana Jallow

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:                Alasana Jallow

Date / Fecha:                     19 de June 2020